IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES, for the use and benefit of** <br> **PACIFIC BULLETPROOF CO.** <br> 4985 E. Landon Drive <br> Anaheim, CA  92807 <br><br> Plaintiff <br><br> v. <br><br> **JOHN C. GRIMBERG COMPANY, INC.** <br> 3200 Tower Oaks Boulevard <br> Suite 300 <br> Rockville, MD  20852 <br><br> Serve on: <br> Corporation Trust Inc. <br> 351 West Camden Street <br> Baltimore, MD  21201 <br> Resident Agent <br><br> and <br><br> **HARTFORD ACCIDENT AND INDEMNITY** <br> **COMPANY** <br> One Hartford Plaza <br> Hartford, CT  06155 <br><br> Serve on: <br> Commissioner of Insurance <br> State of Maryland <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, MD  21202 <br><br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

For its complaint against the Defendants, Plaintiff, United States, for the use and benefit of Pacific Bulletproof Co., by its attorneys, Joseph C. Kovars and Christopher C. Dahl, Ober, Kaler, Grimes & Shriver, pleads and alleges as follows:

## PARTIES

1. Use-Plaintiff, Pacific Bulletproof Co. ("PBC"), is a California corporation with its principal place of business in Anaheim, California. PBC is engaged generally as a supplier of bullet resistant products.

2. Defendant, John C. Grimberg Company, Inc. ("Grimberg"), is a Maryland corporation with its principal place of business in Rockville, Maryland. Upon information and belief, Grimberg is engaged generally in the construction industry as a general contractor.

3. Defendant, Hartford Accident and Indemnity Company ("Hartford"), is a Connecticut corporation with its principal office in Hartford, Connecticut. Upon information and belief, Hartford is an insurance and surety company.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under the Miller Act, 40 U.S.C. §§ 3131, 3133. In addition, there is diversity jurisdiction under 28 U.S.C. § 1332, the plaintiff and each defendant being citizens of different states and the amount in controversy, exclusive of interest and costs, being in excess of $75,000.

5. Venue is proper in this district pursuant to 40 U.S.C. § 3133(3) as the action must be brought in the district in which the work was performed, and pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred within this district.

## COUNT I

### (Breach of Contract - Grimberg)

6. The allegations of paragraphs 1 through 5 of the Complaint are incorporated by reference.

7. On or about October 4, 2011, Grimberg, as Contractor, entered into a contract with United States Army Corps of Engineers ("Government"), Contract No. W912DR-11-C-0018, for the construction project known as "Construction of Asymmetric Warfare Group 50 Meter Indoor Firing Range" ("the Project"). The Project was located at Ft. Meade, Maryland. The original price of the contract was $7,421,000.00.

8. In or about April 2012, Defendant Grimberg ordered materials from PBC, including bullet resistant glass doors, frames, hinges and related hardware needed for Grimberg to perform its work at the Project. The agreed base contract sum, subject to adjustment for changes in the work, was $78,511.00.

9. The parties agreed to the initial price for the materials based on written specifications provided by Grimberg to PBC. PBC set its price, in turn, on a price quotation from a vendor, Door Corporation, which was based on Door Corporation complying with those specifications. In or around April 2013, a new set of specifications was provided by Grimberg to PBC which changed and added requirements, thereby increasing the cost. In addition, the revised specification was written so that only one firm, Krieger Specialty Products ("Krieger"), could satisfy the requirements and, as a result, the planned supplier had to be replaced with Krieger at a higher cost.

10. As a result of the changes directed by Grimberg, PBC is entitled to an equitable adjustment in contract price of $144,424.90.

11. PBC faithfully provided all materials ordered by Grimberg, including extra or directed changes in the materials as ordered by Grimberg. Despite demand, there is a balance due and owing PBC in the sum of $144,424.90. This balance has been due and owing for more than 90 days.

12. All conditions required for payment have been satisfied or waived.

13. Defendant Grimberg's failure to pay PBC constitutes a breach of contract.

14. As a direct result of Grimberg's breaches, Use-Plaintiff PBC has suffered damages in the approximate amount of $144,424.90, plus interest, costs and attorneys' fees.

WHEREFORE, Use-Plaintiff Pacific Bulletproof Co. prays for judgment under Count I against John C. Grimberg Company, Inc. in the sum of $144,424.90, plus pre-judgment interest, costs, attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT II

### (Quantum Meruit - Grimberg)

15. The allegations of paragraphs 1 through 14 of the Complaint are incorporated by reference.

16. PBC provided materials to the Project which have been incorporated into the Project. The materials furnished by PBC have benefitted Grimberg, for which PBC reasonably expected payment. Grimberg knew or should have known that PBC reasonably expected payment for the materials furnished by PBC.

17. Grimberg has unjustly benefitted from the use of PBC's materials without rendering payment in full for same to the detriment of PBC.

18. As a direct result, PBC has suffered damages of at least $144,424.90, plus pre-judgment interest, costs and fees.

WHEREFORE, Use-Plaintiff Pacific Bulletproof Co. prays for judgment under Count II against John C. Grimberg Company, Inc., in an amount of at least $144,424.90, plus pre-judgment interest, costs, attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT III

### (Payment Bond Claim – Hartford)

19. The allegations of paragraphs 1 through 18 are incorporated by reference.

20. As required by the Miller Act, Hartford, as surety, issued Payment Bond No. 42 BCS SGC 8471 in the penal sum of $7,421,000.00 to secure payment to those firms performing work and supplying materials to the Project, including PBC. A true copy of the payment bond is attached as Exhibit A.

21. PBC supplied materials to the Project.

22. The Defendants, despite demand, failed and refused to pay PBC the amount of $144,424.90 for the materials provided by PBC to the Project. The sum has been due and owing more than 90 days. The last materials provided to the Project for which claim is made was provided on January 20, 2014, less than a year before the filing of this Complaint.

23. As surety, Hartford is liable under the Miller Act and the statutory payment bond to pay PBC the sum of $144,424.90, plus pre-judgment interest, costs and fees.

WHEREFORE, Use-Plaintiff Pacific Bulletproof Co. prays for judgment under Count III against Hartford in the sum of $144,424.90, plus pre-judgment interest, costs, attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/
Joseph C. Kovars, Federal Bar No. 03578
Christopher C. Dahl, Federal Bar No. 29649
OBER, KALER, GRIMES & SHRIVER,
100 Light Street
Baltimore, MD 21202
410-685-1120 (telephone)
443-263-7543 (fax)
jckovars@ober.com
ccdahl@ober.com